IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEEPALI TUKAYE**                                                            **PLAINTIFF**

VS.                                              4:23-cv-00420-LPR

**MATT TROUP,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CEO
OF CONWAY REGIONAL MEDICAL CENTER,
THE CITY OF CONWAY, HEALTH FACILITIES
BOARD(OF CONWAY REGIONAL MEDICAL CENTER),
AND JOHN DOE 1**                                                          **DEFENDANTS**

## AMENDED COMPLAINT

Comes the Plaintiff, **DEEPALI TUKAYE,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, for this Complaint, she states:

## PARTIES AND JURISIDCTION

1.  Plaintiff **DEEPALI TUKAYE** is a resident and citizen of Texas, who sues **MATT TROUP**, an Arkansas resident and citizen, and **CONWAY REGIONAL MEDICAL CENTER**[1], a corporation domiciled in Arkansas who operates a public hospital in Conway, Arkansas under the direction and control of **THE CITY OF CONWAY, HEALTH FACILITIES BOARD(OF CONWAY REGIONAL MEDICAL CENTER)**. *See Exhibit "A"* attached to the Original Complaint. Plaintiff also sues John Doe 1, believed to be Conway Regional Medical Center's insurance carrier, who is sued in the event Conway Regional is deemed to be a private non-profit. This is an action for tortious interference with

---

[1] Plaintiff files this Amended Complaint against all Defendants including Conway Regional Medical Center, which moots the pending Motion to Dismiss.

contract/business expectancy, as well as discrimination under 42 USC 1981 and 42 USC 1983. This Court has Federal question and diversity subject matter jurisdiction over Plaintiff's claims. Accordingly, this Court has personal jurisdiction over the parties. Since the acts given rise to this action arose in Faulkner County, Arkansas, venue is proper under 28 USC 1391(b). All actions were taken under color of law. Troup has been delegated the responsibility to operate CRMC, a public hospital owned by the City of Conway. Thus, Troup is a state actor by virtue of his operation of a public hospital.

## **GENERAL ALLEGATIONS OF FACTS**

1. Plaintiff hails from India and is a medical doctor.

2. At all times relevant, Plaintiff performed her job with Jack Stephens Heart Institute satisfactorily.

3. Plaintiff had a contract with Jack Stephens Heart Institute, a copy of which is attached the Original Complaint as *Exhibit B*.

4. During the course of the contract, Plaintiff was stationed at Conway Regional Medical Center. Jack Stephens Heart Institute did not have a position at any other hospital at which Plaintiff could practice cardiology commensurate with the requirements of her contract, her experience, and her compensation.

5. Matt Troup is the CEO of Conway Regional Medical Center, which is a public hospital operated by the City of Conway, as described in Exhibit "A."

6. During her tenure as a credentialed physician at Conway Regional Medical Center, Plaintiff raised concerns about the quality of health care being provided at Conway Regional Medical Center by a fellow physician, who is Caucasian.

7. Rather than investigating Plaintiff's concerns, Defendants, acting under color of law, opened an investigation into Plaintiff, but did not give Plaintiff notice of the investigation in compliance with the Arkansas Peer Review Fairness Act.

## COUNT I

8. Plaintiff re-alleges the foregoing as if fully set out herein.

9. In retaliation for Plaintiff's report of her good faith concerns about health care at the Conway Regional Hospital, and for no good, legal reason, Matt Troup, acting as a special employee for the Conway Regional Medical Center and City of Conway, threatened to terminate Jack Stephens' contract with Conway Regional Medical Center, which provides cardiology services, if Jack Stephens did not relocate Plaintiff to another hospital.

10. Plaintiff had done nothing wrong, but Jack Stephens advised Plaintiff it would not be able to place her at another location, thereby effectively terminating the contract.

11. Troup then renewed contract with Jack Stephens within 72 hours of Plaintiff tendering her notice to leave.

12. The Peer Review Fairness Act imposes a number of duties on hospitals regarding the physician-credentialing process. The duties attach once a "professional review activity" begins.

13. A professional review activity includes "investigations," which are defined as "a process conducted by a professional review body to obtain facts related to a concern or complaint about a physician in order to determine whether a professional review action should be requested or recommended." Ark. Code Ann. § 20-9-1303(4), (7) (Repl. 2014).

14. Any time a "professional review activity" or "investigation" begins, a hospital must give notice to the doctor, include the doctor's attorney in the fact-finding process, provide exculpatory information, and allow the doctor to lobby the peer review body. Ark. Code Ann. § 20-9-1304.

15. Should the hospitals fail to comply with their duties, a doctor could sue for an injunction and attorney's fees. Ark. Code Ann. § 20-9-1307(a), (b). Thus, the hospitals' obligations arise in the ordinary course of business: anytime someone complains about a doctor—and the hospital seeks to find facts—a whole host of obligations arises. But Troup sought to deprive Plaintiff of these rights improperly.

16. However, Mr. Troup acting on behalf of the city of Conway and CRMC, retaliated against Plaintiff and interfered with her contractor/business expectancy by threatening to cancel the contract with the Jack Stephens Heart Institute, if Plaintiff was allowed to practice medicine at Conway Regional Medical Center.

17. Troup threatened to nonrenew the contract because Plaintiff had complained about Dr. Steely's use of outdated cardiology practice standards that could, and probably did, risk patient safety.

18. Troup's conduct interfered with Plaintiff fundamental right to practice, and Tropu sought to further Dr. Steely's interests in discrediting Plaintiff because she is a person of color.

19. There are no social interests in protecting Troup's freedom of action to the detriment of Plaintiff's contractual interests of the other. In fact, Troup sought to circumvent the Arkansas Peer Review Fairness Act.

20. The proximity or remoteness of the actor's conduct to the interference and the relations between the parties was mere days.

21. Exhibit "A" attached to the Original Complaint is a valid contractual relationship or a business expectancy.

22. Defendants had knowledge of the relationship or expectancy on the part of the interfering party.

23. Defendants illegally and improperly intentionally interfered, induced or caused a breach or termination of Exhibit "A" to the original Complaint.

24. As a result, Plaintiff was damaged because she lost wages, retirement benefits, incurred expenses, lost earning capacity, and incurred other damages in amount to be determined at trial.

25. Defendants' actions were so egregious so as to warrant the imposition of punitive damages.

## COUNT II

26. Plaintiff re-alleges the foregoing as if fully set out herein.

27. Plaintiff had a vested property interest in Exhibit "A" and a vested fundamental right to practice medicine at Conway Regional Medical Center.

28. Defendants, acting under color of law, deprived Plaintiff of her rights without Due Process. As CEO, Troup is a policymaker who made the decision to deprive Plaintiff of her constitutional rights and discriminate against her.

29. As a result, Plaintiff was damaged because she lost wages, retirement benefits, incurred expenses, lost earning capacity, and incurred other damages in amount to be determined at trial.

30. Defendants' actions were so egregious so as to warrant the imposition of punitive damages.

### COUNT III

31. Plaintiff re-alleges the foregoing as if fully set out herein.

32. Plaintiff hails from India, and she is a female.

33. In violation of 42 USC 1983, 42 USC 1981, and Section 16-123-105 of the ACRA, Defendants have discriminated against the Plaintiff on the basis of her race and gender.

34. But for Plaintiff's race or gender, Defendants would not have initiated an investigation into Plaintiff's practice of medicine or threatened to terminate Jack Stephen's contract to provide cardiology services at Conway Regional Medical Center.

35. Caucasian male doctors have fallen beneath the standard of care, yet have not been threatened or investigated as Plaintiff was.

36. Plaintiff complained about male Caucasian Doctors like Donald Steely using outdated practice standards, but Defendants did nothing.

37. As a result, Plaintiff was damaged because she lost wages, retirement benefits, incurred expenses, lost earning capacity, and incurred other damages in amount to be determined at trial.

38. Defendants' actions were so egregious so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory and punitive damages exceeding ten million dollars, for attorney's fees, for costs, for a trial by jury, and for all other proper relief.

Respectfully submitted,

By: *Luther Sutter*_____
Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys for Plaintiff
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Lucien.gillham@gmail.com
Luther.sutterlaw@gmail.com

### **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on this, the 9th day of June, 2023, via email and/or ECF, upon all counsel for the Defendants:

Gabriel Mallard
Sarah Cowan


By: /s/ Luther Sutter_____
    Luther Sutter, Esq., ARBN 95031