IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEEPALI TUKAYE**                                                                                          **PLAINTIFF**

v                                          CASE NO: 4:23-CV-0420-LPR

**MATT TROUP,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CEO
OF CONWAY REGIONAL MEDICAL CENTER,
THE CITY OF CONWAY, HEALTH FACILITIES
BOARD (OF CONWAY REGIONAL MEDICAL CENTER),
AND JOHN DOE 1**                                                                                     **DEFENDANTS**

### CITY OF CONWAY'S MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, The City of Conway ("the City"), Arkansas by and through its attorney, Sarah Cowan, and for its Motion to Dismiss, states:

1.   On May 4, 2023, Plaintiff filed a Complaint against "Matt Troupe, (A/K/A) Matt Troup), Individually and in His Official Capacity as CEO of Conway Regional Medical Center," "The City of Conway, Health Facilities Board (Of Conway Regional Medical Center)," and "John Doe 1." [ECF Doc. 1].

2.   On June 9, 2023, Plaintiff filed an Amended Complaint against "Matt Troup, Individually and in His Official Capacity as CEO of Conway Regional Medical Center," "The City of Conway, Health Facilities Board (of Conway Regional Medical Center)," and "John Doe 1." [ECF Doc. 13].

3.   Fed. R Civ. P 10(a) requires that "[t]he complaint must name all the parties." The City is not named as a Defendant in Plaintiff's Amended Complaint. The Court, therefore, lacks

personal jurisdiction over the City, and Plaintiff's Complaint should be dismissed as to the City pursuant to Fed. R. Civ. P 12(b)(2) for lack of personal jurisdiction.

4. On May 8, 2023, Plaintiff caused a summons to be issued and served it with a copy of Plaintiff's Complaint on the City of Conway. [ECF Doc. 6]. Fed R. Civ. P 4(a)(1)(A) provides that "[a] summons must…name the court and the parties."

5. As previously discussed, the City is not a named Defendant in this lawsuit and did not appear in the case caption listed on the Summons served on the City. Plaintiff's failure to include the City as a Defendant in the case caption on the summons constitutes insufficient process; therefore, the City should be dismissed from this action pursuant to Fed. R Civ. P 12(b)(4).

6. There is no principal/agent relationship between the City and the Health Facilities Board. In enacting the Public Facilities Board Act, the Legislature "mandated independence" between public facilities boards and the cities, counties, or other entities that create them. See *Sanders v. Bradley Cnty. Human Srvcs. Bd.,* 330 Ark. 675 (1997).

7. Even if the City were determined to be a proper Defendant in this case, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, as required by Fed. R Civ. P 12(b)(6) and further fails to meet the factual pleading requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

8. For the reasons fully explained in the contemporaneously filed Brief in Support of City of Conway's Motion to Dismiss Plaintiff's Amended Complaint, incorporated herein by reference, the claims asserted in the Amended Complaint are without merit and should be dismissed.

WHEREFORE, the City of Conway, Arkansas requests that this Court dismiss Plaintiff's Amended Complaint against it and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

**THE CITY OF CONWAY, ARKANSAS**

By: Sarah Cowan, Ark. Bar No. 2013182
Attorney at Law
P.O. Box 38
North Little Rock, AR 72115
Tel: (501) 978-6117
Fax: (501) 712-1598
scowan@arml.org