IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEEPALI TUKAYE**                                                                                                    **PLAINTIFF**

v                                              **CASE NO: 4:23-CV-0420-LPR**

**MATT TROUP,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CEO
OF CONWAY REGIONAL MEDICAL CENTER,
THE CITY OF CONWAY, HEALTH FACILITIES
BOARD (OF CONWAY REGIONAL MEDICAL CENTER),
AND JOHN DOE 1**                                                                                            **DEFENDANTS**

## BRIEF IN SUPPORT OF CITY OF CONWAY'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW The City of Conway by and through its attorney, Sarah Cowan, and for its Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint, states:

### INTRODUCTION

Plaintiff has filed a Complaint [ECF Doc. 1] and an Amended Complaint [ECF Doc. 13] against several Defendants alleging tortious interference with a contract/business expectancy and discrimination based on race and gender pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 related to her contract of employment with the Jack Stephens Heart Center while she was stationed at Conway Regional Medical Center. Plaintiff attempts to create the appearance of action taken under color of law, a necessary element for her constitutional claims, by alleging an attenuated connection between the Conway Regional Medical Center's CEO, The City of Conway, Arkansas Health Facilities Board (hereinafter "Health Facilities Board"), and the City of Conway ("the City"). Plaintiff fails to name the City as a defendant to this lawsuit, leaving this Court without personal jurisdiction to hear any action against the City. Further, the Health Facilities Board has

no control over the administration or operations of the hospital, and the Health Facilities Board and the City operate entirely independently of one another. If this Court were to find that the City is considered a party to this action, Plaintiff's Amended Complaint should still be dismissed for failure to state a claim upon which relief can be granted.

## ARGUMENT

**I. This Court lacks personal jurisdiction over any claims alleged against the City of Conway because the City is not a named Defendant in this lawsuit.**

The City is not named as a Defendant in Plaintiff's original Complaint [ECF Doc. 1] or Plaintiff's Amended Complaint [ECF Doc. 13] and, therefore, this Court lacks personal jurisdiction over the City. To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003) (citing *Falkirk Min. Co. v. Japan Steel Works, Ltd.,* 906 F.2d 369, 373 (8th Cir.1990); *Watlow Elec. Mfg. v. Patch Rubber Co.,* 838 F.2d 999, 1000 (8th Cir.1988). The burden of proof is on the party seeking to establish the court's in personam jurisdiction and the burden does not shift to the party challenging jurisdiction. *Newhard, Cook & Co. v. Inspired Life Centers, Inc.,* 895 F.2d 1226, 1228 (8th Cir.1990).

On May 4, 2023, Plaintiff filed a Complaint against "Matt Troupe (A/K/A Matt Troup), Individually, and in his Official Capacity as CEO of Conway Regional Medical Center, The City of Conway Health Facilities Board (of Conway Regional Medical Center), and John Doe 1." [ECF Doc. 1].

In the section of Plaintiff's initial Complaint entitled "Parties and Jurisdiction," Plaintiff identifies Defendants as "Matt Troup, an Arkansas resident and citizen, and Conway Regional Medical Center, a corporation domiciled in Arkansas who operates a public hospital in Conway,

Arkansas" under the direction and control of "The City of Conway, [sic] Arkansas Health Facilities Board (of [sic] Conway Regional Medical Center). [ECF Doc. 1 at ¶ 1].

On June 9, 2023, Plaintiff filed an Amended Complaint against "Matt Troup, Individually and in His Official Capacity as CEO of Conway Regional Medical Center, The City of Conway, Health Facilities Board (of Conway Regional Medical Center)," and "John Doe 1." [ECF Doc. 13].

In the Amended Complaint's "Parties and Jurisdiction" section, Plaintiff identifies Defendants as "Matt Troup, an Arkansas resident and citizen, and Conway Regional Medical Center, a corporation domiciled in Arkansas who operates a public hospital in Conway, Arkansas under the direction and control of The City of Conway, [sic] Health Facilities Board (of [sic] Conway Regional Medical Center." [ECF Doc. 13 at ¶ 1].

The Public Facilities Board Act ("the Act"), Ark. Code Ann. § 14-137-101, *et seq.*, explicitly provides that "[e]ach public facilities board shall be created by ordinance of the governing body. The ordinance . . . shall give the board a name which . . . shall include the name of the creating municipality or county." Ark. Code Ann. § 14-137-107 (a)(1)(A). In 1999, the City passed Conway, Arkansas City Ordinance 0-99-57, creating "The City of Conway, Arkansas Health Facilities Board (Conway Regional Medical Center)" [ECF Doc. 1, Ex. A at 6].

While Plaintiff's exclusive use of commas to distinguish among the Defendants in the case caption is confusing and might suggest that "the City of Conway," is an individually named Defendant, the text of Plaintiff's Complaint and Plaintiff's Amended Complaint clearly demonstrate that Plaintiff intends to name The City of Conway, Arkansas Health Facilities Board (Conway Regional Medical Center) as one Defendant to this action.

Plaintiff omits the word "Arkansas" from and inserts the word "of" into the Health Facilities Board's name, but these differences are not significant enough to suggest that Plaintiff

is referring to a party other than or in addition to "The City of Conway, Arkansas Health Facilities Board (Conway Regional Medical Center)," especially when considering that Plaintiff leaves the comma between the words "Conway" and "Health," as it appears in the Board's actual name (even though Plaintiff omits the word "Arkansas"). Plaintiff clearly intended to name the Health Facilities Board, not the City, as a Defendant. Any claims made against the City in particular in any portion of Plaintiff's Amended Complaint should be summarily dismissed.

### A. Insufficient Process

Fed. R Civ. P 10(a) requires that "[t]he title of the complaint must name all the parties." Further, Fed. R Civ. P 4(a)(1)(A)-(B) dictate that a summons "must name the court and the parties and be directed toward the defendant." On May 9, 2023, Felicia Rogers, Executive Assistant to the Mayor of the City of Conway, accepted service of Plaintiff's Complaint on behalf of the City of Conway. [ECF Doc. 6]. As discussed *supra*, the City was not identified as a defendant in the style of the case. So while the summons did name the parties to the lawsuit, the City was not among that list of named parties in the case caption, thereby rendering invalid any summons attempted to be served on the City for failing to comply with Fed. R Civ. P 10. The mere signing of the summons by Ms. Rogers, an individual authorized to accept service on the City's behalf, does not render the Amended Complaint properly pleaded against the City. Beneath the case caption, the summons form required Plaintiff to list each Defendant's name and address. On the summons allegedly served on the City, it does name "The City of Conway," but fails to provide an address, further rendering the document invalid on its face. With regard to the City, service of process is improper and Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R Civ. P 12(b)(4).

**II. The City of Conway, Arkansas Health Facilities Board (Conway Regional Memorial Hospital) is not an agent of the City of Conway and is not authorized to act on its behalf.**

"To establish a claim under 42 U.S.C. § 1983, [the plaintiff] must show a deprivation of a right, privilege, or immunity secured by the constitution or laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). A prima facie case under § 1983 requires a plaintiff to show that defendants: (1) acted under color of law; and (2) caused constitutional violations that damaged plaintiff. *Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994). In prohibiting discrimination, 42 U.S.C. § 1981(c), provides that "[t]he rights protected . . . are protected against impairment by nongovernmental discrimination and impairment under color of State law."

In the present case, Plaintiff has not even included the City as a Defendant, yet seeks to connect the City to the Health Facilities Board and the Health Facilities Board to Conway Regional Medical Center CEO Matt Troup in order to create the appearance of action taken under color of law. Plaintiff attempts to construct this necessary element of her constitutional claims by making the factually unsupported, conclusory statement that Mr. Troup was "acting as a special employee for the Conway Regional Medical Center and the City of Conway," ostensibly referring to the Health Facilities Board. [ECF Doc. 13, ¶ 9]. The City and the Health Facilities Board, however, are not interchangeable terms that represent the same entity, nor is the Health Facilities Board entitled to act on the City's behalf.

As shown in Exhibit A to Plaintiff's original Complaint,[1] the Health Facilities Board was created in response to the enactment of the "Public Facilities Boards Act" ("the Act"), Ark. Code Ann. § 14-137-101, *et. seq.* Conway, Arkansas Ordinance No. 0-99-57 provides that the Health Facilities Board is responsible for "the financing and refinancing of capital improvements to a

---

[1] Plaintiff did not attach any exhibits to her Amended Complaint, but for purposes of this brief, the city will respond to the Amended Complaint as if the exhibits to Plaintiff's original Complaint were attached to the Amended Complaint identically – that is to say that Exhibit A to the Amended Complaint is Ordinance No. 0-99-57, and Exhibit B to the Amended Complaint is the "Physician Employment Agreement for Cardiology Services," the employment contract between Plaintiff and her employer, the Jack Stephens Heart Institute. [ECF Doc. 1, pp. 10 – 54].

general, acute care hospital in the City ("the Project"). [ECF Doc. 1, p. 6, ¶ 2]. The Ordinance further states:

> (e) It is in the best interest of the City and its inhabitants that there be created a public facilities board under the Act and that the authority of the board be limited to accomplishing, financing, contracting concerning, and otherwise dealing with health care facilities (as defined in the Act) to be owned or operated by Conway Regional Medical Center, including the refinancing of all or part of existing debt.

In *Sanders v. Bradley County Human Services Public Facilities Board*, the Arkansas Supreme Court examined Bradley County's potential liability for the Facilities Board's potential liability in a contract dispute in which the Facilities Board had defaulted. 330 Ark. 675 (1997). The Facilities Board was established by Bradley County via the Bradley County Quorum Court's passage of Ordinance No. 262. *Id.* at 678. The Court found that the through the Public Facilities Boards Act, Ark. Code Ann. § 14-137-101, *et seq.*, the Legislature "authorized and empowered the boards '[t]o do any and all things necessary or convenient to accomplish the purposes of this chapter[,]' including the ability to succeed perpetually as a body politic that could sue and be sued in its own name. *Id.* at 680-681. (citing Ark. Code Ann. § 14-137-111). In assessing the County's potential liability, the Court considered whether the Board acted as an agent for Bradley County looking particularly to Ark. Code Ann. § 14-137-104(c):

> Notwithstanding any other provisions of state law or ordinance of any municipality or county to the contrary, except as otherwise expressly provided in this chapter, none of the powers granted to a board under the provisions of this chapter shall be subject to the supervision or regulation or require the approval or consent of the state, or of any municipality, *county,* or political subdivision of the state, or of any commission, board, body, bureau, official, or agency of the state or any municipality, county, or political subdivision.

Based on the plain language of the statute, the Court held that the General Assembly "has mandated independence between the facilities boards and the counties. This statutory separation is consistent with the other provisions of the Public Facilities Board Act."

*Bradley*, 330 Ark. at 681. The Court further bolstered its reasoning by citing Ark. Code Ann. § 14-137-106(a)(2), which provides that "bonds issued by a public facilities board do not obligate the faith and credit of the creating municipality or county." *Id.*

The Health Facilities Board's authority is very limited in scope – in essence, it is tasked exclusively with financing healthcare facilities through the issuance of bonds, refinancing of debt, etc. – and both the Act and Conway, Arkansas Ordinance No. 0-99-57 reflect this narrow scope of duties. Even if it were not clearly established that facilities boards are entirely separate entities from the counties and cities that create them, and Plaintiff could somehow argue that the Health Facilities Board was an agent entitled to act on behalf of the City, her claims against the City would still fail because the Health Facilities Board's duties are so limited and do not allow for any participation in administrative duties or daily operations of Conway Regional Medical Center.

### III. Plaintiff's claims against the City should be dismissed for failure to state a claim upon which relief can be granted.

Finally, Plaintiff's claims against the City should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted . . . is to test the legal sufficiency of the complaint." *Brown v. Mayflower*, 2016 WL 4708493, *1 (E.D. Ark. 2016). When considering a 12(b)(6) motion, all factual allegations of a complaint are assumed to be true and construed in favor of the plaintiff. *Hanten v. School Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). While courts assume the factual allegations of a complaint are true for purposes of ruling on the motion, "[a]t a minimum . . . a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Id.*, (quoting

*Springdale Education Association v. Springdale School District*, 133 F.3d 649, 651 (8th Cir. 1998)).

In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The stated claim for relief must be "plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Here, Plaintiff has failed to raise any specific allegations that would support a cognizable claim of discrimination under 42 U.S.C. § 1981 or 42 U.S.C. § 1983. More importantly, however, Plaintiff's claims fail because the City cannot be plausibly connected to the conclusory assertions Plaintiff makes in her Amended Complaint.

        Respectfully submitted,

        **CITY OF CONWAY, ARKANSAS**

By:   Sarah Cowan, Ark. Bar No. 2013182
        Attorney at Law
        P.O. Box 38
        North Little Rock, AR 72115
        Tel: (501) 978-6117
        Fax: (501) 712-1598
        scowan@arml.org