IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEEPALI TUKAYE**                                                                                        **PLAINTIFF**

v.                                        **CASE NO. 4:23-CV-00420-BSM**

**MATT TROUP,** *et al.*                                                                              **DEFENDANTS**

## ORDER

Defendants' motions to dismiss [Doc. Nos. 14, 16 & 26] are granted and this case is dismissed with prejudice.

### I. BACKGROUND

Dr. Deppali Tukaye is suing Matt Troup, the Health Facilities Board of Conway Regional Medical Center ("Board"), and the City of Conway ("City") for tortious interference with her contract, for violating her due process rights, and for race and sex discrimination. In support of her claims, she alleges that she is an Indian female cardiologist who entered an employment contract with the Jack Stephens Heart Institute. Doc. No. 13 at 2; *see* Doc. No. 1 at 10–54. She further alleges that Jack Stephens had a contract to provide doctors to Conway Regional Medical Center ("CRMC") and that she was assigned to CRMC. Doc. No. 13 at 2. Troup was CRMC's CEO. *Id.*

Tukaye alleges that when she complained that a white male cardiologist engaged in outdated medical practices that risked the safety of patients, Troup declined to investigate the white man but, instead, investigated her and threatened to not renew the contract between CRMC and Jack Stephens so that she could no longer work at CRMC. *Id.* at 2–6. Tukaye

alleges that she resigned from Jack Stephens because of Troup's actions and because Jack Stephens could not place her at another facility. *Id.* at 3. CRMC renewed its contract with Jack Stephens within 72 hours of Tukaye's resignation. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

Defendants' motions to dismiss are granted for the following reasons.

### A. Tortious Interference

Tukaye's tortious interference claim is dismissed because she has failed to state a claim against Troup, the Board, or the City. To properly allege tortious interference, Tukaye must show: (1) a valid contract or business expectancy existed between her and Jack Stephens; (2) defendants knew about the relationship between Tukaye and Jack Stephens; (3) defendants' intentional interference in the relationship caused the termination of the

relationship between Tukaye and Jack Stephens; and (4) Tukaye suffered damages as a result of defendants' actions. *See Baptist Health v. Murphy*, 226 S.W.3d 800, 807 (Ark. 2006).

Tukaye's tortious interference claim against all defendants is dismissed because her contract with Jack Stephens provided that she could be placed at other facilities. *See* Doc. No. 1 at 10 (Jack Stephens's sole corporate member is St. Vincent Infirmary Medical Center which operates multiple facilities and "Employer employs Physician . . . to perform such duties associated with Employer's clinical care operations."). Moreover, Tukaye does not allege that Jack Stephens fired her or forced her to terminate her employment contract with it. Thus, Tukaye's resignation was voluntary, which "breaks the chain of causation that is necessary to show a relation between the alleged interference and the supposed termination." *Stradtman v. Republic Servs., Inc.*, No. 1:14-CV-1289 (JCC/JFA), 2015 WL 3650736, at *7 (E.D. Va. June 11, 2015); *cf. Osterhout v. Everett*, 639 S.W.2d 539, 540 (Ark. Ct. App. 1982) ("We cannot say that appellant has become unemployed through no fault of his own since it was appellant's own action of resignation which set in motion the chain of events . . . ."). For these reasons, Tukaye has not properly shown that defendants tortiously interfered in her contract with Jack Stephens.

Furthermore, Tukaye's tortious interference claim against the City is dismissed because the Board is not an agent of the City and its actions cannot be imputed to the City. *See Sanders v. Bradley Cnty. Human Servs. Pub. Facilities Bd.*, 956 S.W.2d 187, 189–90 (Ark. 1997) (interpreting Ark. Code Ann. § 14-137-104(c)).

B.  Due Process Claim

Tukaye's due process claim is dismissed. To establish a due process claim, Tukaye must show that she was deprived of a protected property interest without sufficient notice and opportunity to object. *Wright v. Fam. Support Div. of Mo. Dep't of Soc. Servs.*, 458 F. Supp. 3d 1098, 1111 (E.D. Mo. 2020). Here, the investigation against Tukaye did not deprive her of a property interest in her contract with Jack Stephens because she voluntarily resigned. For this reason, it does not matter whether Tukaye received due process in her investigation because Troup did not cause an impermissible deprivation of a protected property interest—*i.e.*, he did not cause Tukaye to be fired. *See Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (no due process required when there is no deprivation of life, liberty, or property). Her due process claim against the City also fails because the Board is not an agent of the City. Therefore, the City played no role in CRMC's oversight of Tukaye.

C.  Discrimination Claims

Tukaye's discrimination claims are also dismissed.

*1. Section 1981 and ACRA*

Discrimination claims filed under the Arkansas Civil Rights Act ("ACRA") are analyzed identically to discrimination claims under 42 United States Code section 1981. *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000). To establish her section 1981 and ACRA claims, Tukaye must allege: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d

4

464, 469 (8th Cir. 2009) (citations omitted). Tukaye's section 1981 and ACRA claims are dismissed because she has not pled that, but for her race or sex, she would not have suffered the loss of a legally protected right. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (requiring plaintiff to specifically plead that "but for" her race or sex she "would not have suffered the loss of a legally protected right"). Because Tukaye's resignation ended her employment with Jack Stephens, neither her race nor her sex was the but-for cause of the end of her employment relationship.

## 2. Section 1983

To establish her 42 United States Code section 1983 claim, Tukaye must allege that defendants, acting under color of state law, deprived her of a constitutionally protected right. *Johnson v. Brisco*, No. 06-CV-03002, 2006 WL 3258255, at *8 (W.D. Ark. Nov. 9, 2006) (citation omitted). This claim is dismissed because the complaint is wholly insufficient to show that she was deprived of a constitutionally protected right. This is true because Troup's investigation and threat to terminate the contract between CRMC and Jack Stephens did not deprive Tukaye of a constitutional right. Tukaye voluntarily resigned from Jack Stephens; she was not fired. The claim against the City is also dismissed because the Board is not an agent of the City, and thus the City played no role in the events at issue herein.

## IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted and this case is dismissed with prejudice.

IT IS SO ORDERED this 26th day of March, 2024.

                                                         UNITED STATES DISTRICT JUDGE